■    In the Matter of the Claim of BARBARA ROTHENBERG, Respondent, v AAA CUSTOM LAB et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed May 4, 1979 and September 20, 1979, holding that decedent's death arose out of and in the course of his employment. Decedent was vice-president of AAA Custom Lab, also known as Arro Film Labs. He was shot by an unknown assailant in the driveway at 1025 Northern Boulevard in North Hempstead, New York, near the Landmark Diner. He was found dead at 10:30 A.M. His wife said he departed at 9:30 A.M. for a business meeting at the Landmark Diner, and he did in fact meet with someone at the diner. The claimant's gardener verified that decedent told him that he had a business meeting at the diner and that he asked the gardener to await his return so he could be paid by decedent. There is substantial evidence to support the board's decisions. Decisions affirmed, without costs. Greenblott, J. P., Main, Mikoll and Herlihy, JJ., concur.

Kane, J., dissents and votes to remit in the following memorandum. Kane, J. (dissenting). The record contains several indications that decedent may have been involved in an illegal enterprise at the time of his death (cf. *Matter of Swihura v Horowitz*, 215 App Div 740, affd 242 NY 523). While an investigating police officer testified decedent met someone at the diner, the nature of that encounter and its relation, if any, to his subsequent demise

was not explored. Without additional information, it is impossible to determine whether decedent's meeting was with a business contact, whether it dealt with legitimate employment activities, and whether the later homicide was associated with such employment. Since these matters were not addressed by the board, the record contains inadequate evidence to support its present decision. Accordingly, I would remit the matter to the board for further development of the record.